Charles Edward POOL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–97–365–CR, 10–97–366–CR.

Court of Appeals of Texas,
Waco.

Oct. 21, 1998.

Discretionary Review Refused
March 10, 1999.

---

Allan K. Butcher & Allan K. Butcher, Jr., Law Offices of Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Debra Ann Windsor, Mark Thielman & James Cook, Assistant District Attorneys, Fort Worth, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Charles Edward Pool was indicted for sexual assault of a child under seventeen. He was indicted under a separate instrument for aggravated sexual assault with a child under fourteen and sexual assault of a child under seventeen.[1] The indictments alleged conduct against the same child, but on different dates. The cases were joined for all purposes at trial. A jury found Pool guilty of sexual assault of a child in each case and sentenced him to two concurrent twenty-year prison terms. TEX. PEN.CODE ANN. § 22.011 (Vernon 1994 & Supp.1998). He appeals, presenting one issue for review. His sole complaint challenges the trial court's decision to admit evidence of a continuing sexual relationship beyond the victim's seventeenth birthday. Finding evidence of such extraneous offenses admissible under article 38.37 of the Code of Criminal Procedure, we find no error and affirm the judgment.[2]

## FACTS

In 1991, when J.C. was approximately thirteen years old, Pool, her stepfather, began to molest her by touching her inappropriately. This behavior escalated until, in 1993, when she was fifteen, he forced her to have sexual intercourse. After several months, J.C. ran away from home. She stayed with a boy-friend and his parents, eventually telling them that Pool had been assaulting her. J.C. then reported the activity to the police. Pool denied the accusations, and J.C. dropped the complaint. At sixteen, J.C. moved with Pool, her mother, and her siblings to Alabama. Pool continued to assault her. At seventeen, J.C. discovered that she was pregnant. In 1996, after giving birth to a son, she returned to Tarrant County and reasserted the charges against Pool. DNA tests revealed that Pool is the father of the child.

## ARTICLE 38.37

In his sole issue for review, Pool complains that the court allowed evidence of a continuing sexual relationship between him and J.C. after her seventeenth birthday, specifically detailing the fact that she gave birth to Pool's son. Pool argues that evidence of such an extraneous offense is not admissible under article 38.37, the basis relied upon by the court in overruling his objections.

Article 38.37 of the Code of Criminal Procedure provides, in part:

Sec. 1. This article applies to a proceeding in the prosecution of a defendant for an offense under the following provisions of the Penal Code, if committed against a child under 17 years of age:

(1) Chapter 21 (Sexual Offenses);

(2) Chapter 22 (Assaultive Offenses);

(3) Section 25.02 (Prohibited Sexual Conduct);

(4) Section 43.25 (Sexual Performance by a Child); or

(5) an attempt or conspiracy to commit an offense listed in this section.

Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence,

---

1. He was acquitted of the aggravated sexual assault charge. TEX PEN.CODE ANN § 22.021 (Vernon 1994 & Supp.1998).

2. The State urges that Pool did not adequately preserve his complaint for appeal. We have thoroughly reviewed the record and find that he did. To preserve a complaint for appellate review, a party must have presented to the trial court a timely objection stating the specific grounds for the objection, if the grounds are not apparent from the context. TEX. R.APP. P. 33.1. All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the court is in a position to do something about it. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992).

evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

    (1) the state of mind of the defendant and the child; and

    (2) the previous and subsequent relationship between the defendant and the child.

TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.1998).

The "act" challenged by Pool is the assault which resulted in J.C.'s pregnancy. It is undisputed that Pool is being prosecuted for one of the crimes enumerated in section one of article 38.37; thus, this is a proceeding in which article 38.37 applies. It is likewise undisputed that J.C. is the "child under 17 years of age" and is the "victim of the alleged offense" for which Pool is being prosecuted.

The dispute lies within the interpretation of section 2 of article 38.37. Under the plain language of section 2, the disputed testimony is admissible if it involves evidence of other crimes, wrongs, or acts committed by Pool against "the child who is the victim of the alleged offense." Thus, evidence of the extraneous offense is admissible if it is relevant and was committed against J.C.[3] The disputed evidence bears directly on the "subsequent relationship" between Pool and J.C. As such, it was properly admitted. We find no requirement in the statute that the "victim of the alleged offense" be under seventeen years of age at the time the "other crimes, wrongs, or acts" were committed. Issue one is overruled.[4]

The judgment is affirmed.

---

**3.** The Dallas Court of Appeals has stated that testimony regarding evidence of other crimes, wrongs, or acts committed by the appellant against the victim meets the requirements of article 38.37, section 2. *See Hinds v. State,* 970 S.W.2d 33, 34 (Tex.App.—Dallas 1998, no pet. h.).

**4.** Pool does not raise a Rule 403 argument.