IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-04-00349-CR,
10-04-00350-CR,

10-04-00351-CR &
10-04-00352-CR

 

Robert Lee Austin, III,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court Nos. 8001, 8002,
8003 & 8004

 



ORDER



 








          The opinion and judgments dated
January 4, 2006 are withdrawn, and the opinion and judgments of even date
herewith are substituted therefor.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Order issued and filed
March 8, 2006

Do not publish

 






dent:.5in;line-height:200%;
text-autospace:none'>When reviewing a
challenge to the factual sufficiency of the evidence, we ask whether a neutral
review of all the evidence, though legally sufficient, demonstrates either that
the proof of guilt is so weak or that conflicting evidence is so strong as to
render the jury's verdict clearly wrong and manifestly unjust.  Watson v.
State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  The court reviews the evidence weighed
by the jury that tends to prove the existence of the elemental fact in dispute
and compares it with the evidence that tends to disprove that fact.  Johnson,
23 S.W.3d at 7 (quoting Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996)).  The appellate court does not indulge in inferences or confine its
view to evidence favoring one side.  Rather, it looks at all the evidence on
both sides and then makes a predominantly intuitive judgment.  Id.  The nature of a factual sufficiency review authorizes an appellate court,
although to a very limited degree, to act as “thirteenth juror” to review the
fact finder's weighing of the evidence and disagree with the fact finder's
determination.  Watson, 204 S.W.3d at 416-17 (citing Tibbs v. Florida,
457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982), and Meraz v.
State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990)).  If an appellate court
concludes that the evidence is factually insufficient, it must clearly state
why it has reached that conclusion.  Watson, 204 S.W.3d at 417; Johnson,
23 S.W.3d at 7 (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

          Abbs contends that there is legally
and factually insufficient evidence to support conviction because proof of
paternity of a child born to a minor does not prove sexual assault of a minor
beyond a reasonable doubt.

The charge against Abbs stems from a Child
Protective Services investigation in which Abbs came forward as the father of
the infant who was the subject of that investigation.  In judicial proceedings
he claimed paternity and was granted sole custody of his child.  CPS Officer
Lynley Brooke Jenkins met with Abbs on numerous occasions regarding the child
and interviewed Abbs extensively.  In those interviews, Abbs stated that the
child was the result of his relationship with C.W. while she was still a
minor.  It is this sexual relationship with C.W. which forms the basis of the
sexual assault charge.

          The only witness at trial was Jenkins,
who testified regarding her conversations with Abbs.  Jenkins stated that Abbs
told her he had a sexual relationship with then 15-year-old C.W.  Abbs claimed
that C.W. told him she was eighteen and that upon learning of C.W.’s pregnancy
and that she was underage, he terminated the relationship.  In addition to the
testimony of Jenkins, the State offered the results of a DNA test proving Abbs
was the father of C.W.’s child and other family court documents in which Abbs
asserts he is the child’s father.

          Abbs argues that this evidence is
deficient in that it does not prove each element of sexual assault.  He
complains there is no proof that the assault occurred in Harris County or on the dates alleged in the indictment.  He also complains there is insufficient
proof of penetration and that his conviction was based solely on the unreliable
testimony of Jenkins.

          With regard to venue, the prosecution
need only prove the county of the occurrence of the crime by a preponderance of
the evidence.  Tex. Code Crim. Proc.
Ann. art. 13.17 (Vernon 2005).  In a sexual assault case, venue is
proper in the county in which the offense was committed.  Tex. Code Crim. Proc. Ann. art. 13.15
(Vernon 2005).  The State may use direct or circumstantial evidence as proof of
venue.  Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983).  At
trial the State offered various court documents noting Abbs’s address as being
within Harris County and the testimony of Jenkins that Abbs stated he and C.W.
spent most of their time at his home in Harris County and had sexual relations
there.  This testimony is sufficient for the jury to “reasonably conclude that
the offense was committed in the county alleged.”  Rippee v. State, 384
S.W.2d 717, 718 (Tex. Crim. App. 1964).  There is legally and factually sufficient
evidence of venue.

          When an indictment, as in this case, alleges
that a crime occurred “on or about” a certain date, the State can rely upon an
offense with a date other than the one specifically alleged so long as the date
is anterior to the presentment of the indictment and within the statute of
limitation period.  Sledge v. State, 953 S.W.2d 253, 255 (Tex. Crim.
App. 1997); Shea v. State, 167 S.W.3d 98, 104 (Tex. App.—Waco 2005, pet.
ref’d).  The statute of limitations for sexual assault of a child is ten years
from the child’s eighteenth birthday, which in this case would expire on
January 12, 2010.  Tex. Code Crim. Proc.
Ann. art. 12.01(5)(B) (Vernon Supp. 2006).  The date stated in Abbs’s indictment is approximately nine months
prior to the birth date of C.W.’s child.  The date of the offense was
sufficiently proven that it occurred anterior to the indictment and within the
statute of limitations.

          Abbs further argues that there is
insufficient evidence of penetration in that C.W. could have become pregnant by
in vitro fertilization or by contact with his sperm but not his penis.  He also
points to the lack of testimony from C.W. or any member of her family as
support for this contention.  In a prosecution for rape, penetration may be
proven by circumstantial evidence.  Nilsson v. State, 477 S.W.2d 592,
595 (Tex. Crim. App. 1972); Quinton v. State, 56 S.W.3d 633, 641 (Tex. App.—Waco 2001, pet ref’d).  There is no requirement that the complainant testify.  Nilsson,
477 S.W.2d at 596.  Evidence of the slightest penetration is sufficient.  Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).

At trial, the proof of penetration consisted of
the evidence that Abbs was the father of C.W.’s child and Jenkins’s testimony that
Abbs admitted to having a “sexual relationship” with C.W.  Abbs offered no contravening
evidence.[1]  The
jury is presumed to know and apply the ordinary meaning to common words not
statutorily defined.  See Cuevas v. State, 742 S.W.2d 331, 346 (Tex. Crim. App. 1987).  Ordinarily, “sexual relationship” is understood as a euphemism for
intercourse.  The term sexual relationship is often used by Texas courts in
describing the sexual assault of a minor.  See Daggett v. State, 187
S.W.3d 444, 453-454 (Tex. Crim. App. 2005); Pool v. State, 981 S.W.2d
467, 468 (Tex. App.—Waco 1998, pet. ref’d).

When viewed in the light most favorable to the
verdict, the evidence of paternity coupled with the testimony of Abbs’s
admission of a “sexual relationship” with C.W. is sufficient circumstantial
evidence for a rational juror to find the element of penetration.  See Saxton,
804 S.W.2d at 914.  Similarly, when viewed neutrally, the proof of guilty
is not so weak nor is the contravening evidence so great as to render the
judgment clearly wrong and manifestly unjust.  See Watson, 204 S.W.3d at
414-15.  The evidence of penetration is both legally and factually sufficient.

Abbs also complains of the reliability Jenkins’s
account of conversations with Abbs.  However, the credibility the jury gave to
the testimony is not within the scope of a legal sufficiency review.  Dewberry,
4 S.W.3d at 74.  While in a factual sufficiency review the court, to a limited
degree, takes the role of the thirteenth juror, there must be some objective
basis demonstrable from the record to hold the verdict clearly wrong.  Watson,
204 S.W.3d at 414-17.  There is no such basis here.  Abbs, rather than impeaching
Jenkins’s account of her conversations with him, relied on Jenkins’s
recollection of events to show that Abbs attempted to care for his son and
became a father figure for C.W., supporting her financially.

          Therefore, we find the evidence
legally and factually sufficient to support the conviction for sexual assault
of a minor.  We overrule Abbs’s complaint and affirm the judgment of
conviction.

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed February 7, 2007

Do not publish

[CR25]









[1]           Abbs offered no evidence that C.W.
became pregnant by some act other than sexual intercourse.  He only presented
that theory to jury in closing arguments.  Closing arguments are not evidence. 
Hutch v. State, 922 S.W.2d 166, 173 (Tex. Crim. App. 1996).