

# NUMBER 13-12-00362-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

JOE FLORES,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Valdez

By two issues, appellant, Joe Flores, challenges his conviction for sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West 2011), and indecency with a child. *See id.* at § 21.11. In his first issue, appellant contends that there was insufficient evidence of penetration to support the jury verdict on counts one and two of

the indictment. In his second issue, he contends that the trial court erred in admitting extraneous offense evidence. We affirm.

## I. BACKGROUND

On February 23, 2012, Appellant was indicted on eight counts of aggravated sexual assault of child. *See id.* at § 22.021(a)(1)(B). Following the conclusion of evidence, the State proceeded on counts one, two, three, and, seven. The State also requested that the jury make a finding on the lesser-included offense of indecency with a child for count three. *See id.* at § 21.11. Counts one, two, and three alleged that appellant digitally penetrated his granddaughter M.P. on April 15 of 1992, 1993, and 1994. The lesser-included offense on count three required the jury to find that on or about April 15, 1994, appellant, with intent to arouse or gratify his sexual desire, intentionally or knowingly contacted the sexual organ of M.P. Count seven alleged that appellant digitally penetrated another of his granddaughters, S.P., M.P.'s sister.

At trial, M.P. testified regarding appellant's alleged inappropriate contact with her on three occasions. The State also elicited testimony from Detective James Lerna who stated that he received an email statement from M.P. alleging that she had been abused by appellant.

The jury returned a guilty verdict on counts one, two, and seven and the lesser-included offense on count three and assessed punishment at thirty years in jail and a fine of $10,000 for the three aggravated sexual assault convictions and twenty years in jail and a fine of $10,000 for the indecency with a child conviction. The sentences were ordered to run consecutively.

2

## II.   LEGAL SUFFICIENCY

Appellant first argues that the State presented insufficient evidence that he digitally penetrated M.P.   M.P. provided the following testimony regarding whether appellant penetrated her:

Q: [Prosecutor] Where did you feel his thumb?

A: Kind of like a little before you get right—you go inside.

Q: You feel his thumb.  Now, is it on your vaginal area?

A: Yes.

Q: Do you remember if he actually penetrated your vaginal area? [. . . .]

A: He probably did; but when I pushed away, I just kept his hands there. But I kind of walked off—or I did walk off.

. . . .

Q: [Prosecutor] When you are about five years old to about 14 do you actually remember him putting his fingers inside your pants or shorts?

A: Just once or twice.

. . . .

Q: [Prosecutor] We are talking about when you are five or six, seven years old, there is just rubbing on your thigh and there is no touching of your vaginal area at this point?

A: There are times when he would rub—he would push up. And then I would feel it.  And then he would go back down.  Then he would do it again.  And then he would stop.

Q: Now a little while ago you said there were times that he had inserted his finger into your vaginal area?

A: Uh-huh

Q: Do you remember how many times he did that?

3

A: First attempt was when I was five.  It was almost close.  And another time when I was in the singing room.

. . . .

Q: [Defense attorney] I believe you said that penetration happened once and maybe twice?

A: Yes.

Q: Okay. Every other time it stopped short of that for one reason or another?

A: It was usually penetration—penetrating for him; but, yeah, it was either stopped short of that.

Q: Okay.  As far as penetration of your vaginal area?

A: Of my vaginal area. Yes.

. . . .

Q: [Asked by prosecutor  how many times she was actually penetrated and when was the first time]

A: Fourteen? The first time he had stuck it, but not all the way.  And then the time we were in his recording studio.  That's it, that I can remember.

Q: The times that he is rubbing your thighs, is he ever going over your vaginal area without actually penetrating it?

A: There was a time that he—that was the only two times.  The only two times.

Q: So the rest of the times it was just uncomfortable or inappropriate? Maybe inside the leg?

A: There was constant penetration, constant rubbing on the outer part of the clothes.

Q: [. . . . ] Is that on the outside part of your clothes?

A: It was outside the clothes.  I always had a shirt and longshirt.  I was never—

4

Q: And when he is rubbing over the outside of your pants is that your vaginal area –

A: Yes

Q: So even though you have your pants on and you have your underwear on, did he ever go inside your vaginal area?

A: No.  Not at this time.

## A. Standard of Review

"When reviewing a case for legal sufficiency, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Winfrey v. State*, 323 S.W.3d 875, 878–79 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Accordingly, "we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'"  *Id.* at 879 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).  "It has been said quite appropriately, that '[t]he appellate scales are supposed to be weighted in favor of upholding a trial court's judgment of conviction, and this weighting includes, for example, the highly deferential standard of review for legal-sufficiency claims.'"  *Id.* (quoting *Haynes v. State*, 273 S.W.3d 183, 195 (Tex. Crim. App. 2008) (Keller J., dissenting) (citing *Jackson*, 443 U.S. at 319)).  "We must therefore determine whether the evidence presented to the jury, viewed in the light most favorable to the verdict, proves beyond a reasonable doubt that appellant" committed the crime for which the jury found him guilty.  *Id.*  "It is the obligation and responsibility of appellate courts 'to ensure that the evidence presented actually

5

supports a conclusion that the defendant committed the crime that was charged.'" *Id.* at 882 (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

Additionally, in our analysis of the verdict, we recognize that the jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Ozuna v. State*, 199 S.W.3d 601, 610 (Tex. App.—Corpus Christi 2006, no pet.). The jury may accept or reject all or part of the evidence. *Id.* The jury may also draw reasonable inferences and make reasonable deductions from the evidence. *Id.*

### B. Applicable Law

Under Section 22.01, "penetration" is defined as:

> [T]o enter into" or 'to pass through.' *See, e.g., Webster's Third New International Dictionary*, p. 1670 (Merriam-Webster 1981). Thus, in common parlance, mere contact with the outside of an object does not amount to a penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact.

*Woodall v. State*, 376 S.W.3d 134, 138 (Tex. App.—Texarkana 2012, no pet.) (quoting *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992)). Conduct can accurately be described as penetration "so long as [the] contact with [the complainant's] anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012) (quoting *Vernon*, 841 S.W.2d at 409). Additionally, "tactile contact beneath the fold of complainant[']s external genitalia amounts to penetration within the meaning of the aggravated sexual assault statute, since vaginal penetration is not required, but only penetration of the 'female sexual organ.'" *Steadman v. State*, 280 S.W.3d 242, 247–48 (Tex. Crim. App. 2009) (quoting *Vernon*, 841 S.W.2d at 409–10). The court of criminal appeals has noted that "the statute does not criminalize penetration of the

vagina, but the broader conduct of 'penetration of the . . . sexual organ' of the child." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012) (citing *Vernon*, 841 S.W.2d at 409). Further, the Court has held that contact outside of the victim's underwear can constitute penetration. *Vernon*, 841 S.W.2d at 409–10; *see also Belasco v. State*, No. 01-97-00666-CR, 1999 Tex. App. LEXIS 4320, at **5–6 (Tex. App.—Houston [1st Dist.] June 10, 1999, pet. ref'd) (mem. op., not designated for publication).

Moreover, the testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2011); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *O'Hara v. State*, 837 S.W.2d 139, 141–42 (Tex. App.—Austin 1992, pet. ref'd) (finding that victim testimony, by itself, is sufficient evidence of penetration to support a conviction). A child victim need not testify to penetration, which the State may prove through circumstantial evidence. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc). There is no requirement that the victim's testimony be corroborated by medical or physical evidence. *Kemple v. State*, 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no writ). Further, outcry testimony alone can be sufficient to sustain a conviction for aggravated sexual assault. *Rodriguez v. State*, 819 S.W.2d 871, 873–74 (Tex. Crim. App. 1991); *Kimberlin v. State*, 877 S.W.2d 828, 831–32 (Tex. App.—Fort Worth 1994, pet. ref'd). Notably, even if the victim recants or denies her outcry statements when testifying at trial, the jury is free to disbelieve the victim's recantation and credit her previous statements. *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)).

**C.     Discussion**

In the present case, appellant specifically argues that M.P.'s testimony, which was the only evidence regarding penetration, "was unclear and did not support the beyond a reasonable doubt standard."  He supports this assertion by claiming that M.P.'s "vague statements about whether penetration happened cast[] doubts about whether M.P. understood the meaning of 'penetration'."  However, during her testimony, M.P. explicitly stated that she was penetrated multiple times.  While M.P. indicated there was no penetration at points during her testimony, she also stated "there was constant penetration" and answered "yes" when asked by appellant's counsel if there was penetration of her vaginal area.  Texas courts have consistently held that a victim's testimony alone is sufficient to support a guilty verdict in a child sex abuse case.  *See Garcia*, 563 S.W.2d at 928; *O'Hara*, 837 S.W.2d at 141–42.  Furthermore, the jury was entitled to disbelieve any inconsistent testimony offered by M.P. and make its own determination as to whether or not she was confused about the meaning of the word penetration.  *See Ozuna,* 199 S.W.3d at 610.  The jury, as the ultimate finder of fact, was entitled to determine M.P.'s credibility, and we cannot replace its judgment with our own.  *See id.*  We overrule appellant's first issue.

### III.     EXTRANEOUS OFFENSE EVIDENCE

Appellant argues that the trial court erred by admitting extraneous offense evidence of his sexual advances towards M.P when she was an adult.  Prior to trial, the trial court granted appellant's motion in limine generally regarding any extraneous offenses committed by appellant.  When Detective Lerna began testifying about the alleged incident, appellant's trial counsel objected and requested to approach.  At the

8

bench, appellant's counsel argued that Detective Lerna's testimony "goes into the extraneous offenses that the court granted motion in limine for." The State responded that the offenses "are not extraneous. They are under 38.37 admissible as to the explanation as to the reasons, relation, anything that is sexually abusive or inappropriate that has occurred between the defendant and the victim is admissible." The trial court overruled the objection and allowed the testimony. Detective Lerna then testified that appellant touched and abused appellant when she was twenty-two years old. Later during the trial, M.P. testified about the same incident, stating that when she was twenty-two years old, appellant started kissing her in front of her son at her house. She continued that she tried to pull away, but he pulled her back to him. She also stated that she started to feel his penis getting harder while he was kissing her, but that she said "No, no, no" and pushed him away. She testified that he then gave her fifty dollars and left.

### A. Applicable Law

Rule 404(b) states that "[e]vidence of a person's character or character trait is not admissible for the purpose of proving action in conformity therewith on a particular occasion." However, Texas Code of Criminal Procedure article 38.37 section 2 states: "Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child."

### B. Article 38.37

9

On appeal, appellant argues that the evidence was not admissible under article 38.37 because M.P. was no longer a child when the alleged extraneous offense occurred. However, appellant's trial attorney only asserted that the testimony regarded an extraneous offense and never objected to the testimony on the basis that article 38.37, which makes extraneous offense evidence admissible, did not apply. We find that, in order to preserve his argument, the law required appellant to specifically object to the admission of the evidence under article 38.37. TEX. R. APP. P. 33.1 (requiring, to preserve error for appeal, a defendant to (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling); *see also Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007) (providing that appellate arguments must comport with objections at trial). Because appellant failed to do so, his argument in this regard is waived.[1] *See* TEX. R. APP. P. 33.1.

Furthermore, even had this argument been preserved, appellant cites no authority to support his interpretation of the statute. Instead, his argument, on appeal, relies merely on the use of the word "child" in the statute. In response, the State refers us to *Pool v. State* in which the Waco Court of Appeals was not persuaded by the exact same argument advanced here by appellant. In *Pool*, the court held that that there was "no requirement in the statute that the victim of the alleged offense be under 17 years of

---

[1] On appeal, the State also argues that appellant did not preserve error at trial because the question posed to Detective Lerner about the alleged extraneous offense had already been asked and answered. *See* TEX. R. APP. P. 33.1. However, we find that appellant's objection to Lerner's testimony was sufficiently contemporaneous. *See id.* The State also contends that appellant waived his argument because he never requested a running objection and did not object to M.P.'s testimony, later in the trial, regarding the same incident. However, we find that the argument was not waived by trial counsel's failure to object to M.P.s subsequent testimony because the trial court ruled upon the objection outside the presence of the jury. *See Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (reasoning that to preserve complaint for appellate review, the complaining party must object each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains an adverse ruling on the complaint during a hearing outside the presence of the jury).

age at the time the other crimes, wrongs, or act were committed."[2] 981 S.W.2d 467, 469 (Tex. App.—Waco 1998, pet. ref'd). We agree with the *Pool* Court, and find that the word "child" reflects only that the statute applies to crimes against victims that were children at the time of the offense for which the defendant was indicted. *See id.* Here, the disputed testimony was evidence of other, crimes, wrongs, or acts committed by appellant against the victim who was a child at the time of the offense of indictment, M.P. This evidence bears directly on the "subsequent relationship" between appellant and M.P. Therefore, as in *Pool*, it was properly admitted. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; 981 S.W.2d at 469.

### C. Rule 404

Because we find that the testimony was admissible under article 38.37, which states that evidence is admissible notwithstanding rule 404, we will not consider appellant's argument that it was inadmissible as an extraneous offense under rule 404(b).[3] However, appellant also argues that any probative value of this testimony was outweighed by its prejudicial effect during trial and was therefore inadmissible under Texas Rules of Evidence Rule 403. Evidence that is relevant under article 38.37 is

---

[2] Our reasoning is further supported by the fact that Texas courts have interpreted article 38.37 broadly, to encompass a wide array of incidents between defendants and victims. *See Sanders v. State*, 255 S.W.3d 754, 758 (Tex. App.—Fort Worth 2008, pet. ref'd) (holding that evidence that appellant allowed his drug dealer to have sex with the victim was admissible under article 38.37); *Sarabia v. State*, 227 S.W.3d 320, 322–25 (Tex. App.—Fort Worth 2007, pet. ref'd) (finding that evidence that appellant showed the victim a pornographic photograph was admissible under article 38.37); *O'Canas v. State*, 140 S.W.3d 695, 698 (Tex. App.—Dallas 2003, pet. ref'd) (holding that evidence that appellant used a victim as a lookout while he burglarized a newspaper vending machine was admissible under article 38.37 because it showed that "he viewed this child as a mere tool to aid him in his wrongful purposes, whether monetary or sexual").

[3] The State responded to this argument by asserting that the testimony shows that appellant was attracted to M.P. and was therefore admissible under rule 404(b) as evidence of Appellant's motive to commit the crime. *See Hernandez v. State,* 900 S.W.2d 835, 838 (Tex. App.—Corpus Christi 1995, no pet.) (reasoning that evidence of an appellant's attraction to the victim in a child sexual assault case was admissible to prove that appellant had motive to commit the alleged offense).

nevertheless subject to exclusion if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Poole v. State,* 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd). However, appellant only objected to this testimony on the basis that it "goes into the extraneous offenses that the court granted [a] motion in limine for." Appellant's attorney did not reference unfair prejudice or rule 403 in the objection at trial. And while the motion in limine, in relevant part, requested a hearing prior to the admission of extraneous offense evidence to determine "whether the probative value of the evidence is outweighed by danger of unfair prejudice and confusion of the issue," a motion in limine is not sufficient to preserve error. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988) (holding that obtaining a ruling on a motion in limine is not sufficient to preserve error for review, but rather there must be a proper contemporaneous objection to the proffered evidence). Furthermore, the argument in the motion in limine did not address the specific incident and testimony at issue, and did not refer to evidence admitted under section 38.37. Because appellant did not make a proper rule 403 objection to this testimony at trial, he has waived this argument on appeal. *See* TEX. R. APP. P. 33.1. However, even if he had preserved this error, we would find that the evidence was admissible under rule 403.

Unfair prejudice arises from evidence that has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one. *Id.* The trial court is given wide latitude to admit or exclude evidence of extraneous offenses. *See Poole,* 974 S.W.2d at 897. A reviewing court must therefore recognize that the trial court is in a superior position to gauge the impact of the relevant evidence and not reverse a trial court's ruling if it is within the "zone of reasonable disagreement." *Mozon*

12

*v. State,* 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). In balancing probative value and unfair prejudice under rule 403, an appellate court presumes that the probative value will outweigh any prejudicial effect. *Montgomery,* 810 S.W.2d at 389. It is therefore the objecting party's burden to demonstrate that the probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Mozon,* 991 S.W.2d at 845 n.2.

An appellate court must measure the trial court's balancing determination against the relevant criteria by which a rule 403 decision is made. *Mozon,* 991 S.W.2d at 847. The relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include: (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way;" (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, that is, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute. *Id.* (citing *Montgomery,* 810 S.W.2d at 389–90).

Detective Lerner and M.P.'s testimony relates directly to appellant's subsequent relationship with M.P., which the legislature in article 38.07 has deemed relevant for consideration by the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07. Therefore,

13

applying the appropriate criteria from previous case law: (1) the evidence of the subsequent relationship is compelling because the statute has specifically determined that it is relevant; (2) there is little potential it will impress the jury in an irrational way, as it refers to the victim and appellant's subsequent relationship, which is relevant to the jury's determination; (3) it did not require an unduly distracting amount of time to develop evidence of the incident; and (4) the testimony of Lerna and M.P. was the only probative evidence of the incident. *See Mozon*, 991 S.W.2d at 847.

Accordingly, appellant has not met his burden to prove that any prejudice he has suffered substantially outweighs the probative value of this testimony to show that an incident occurred relating to appellant's subsequent relationship with the victim. *See* TEX. R. EVID. 403; *Mozon*, 991 S.W.2d at 845 n.2. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.

14