Case No. 01-13-01004-Cr

IN THE 1st Court of Appeals
AT Houston, Texas

ORIGINAL

Brian VICTORIAN,
Petitioner

V.

THE STATE of TEXAS
RESPONDENT

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 25 2015

Abel Acosta, Clerk

PETITION FOR Discretionary Review
From the 182Nd Judicial District Court
Harris County, Texas
Honorable Jeannine Barr Judge Presiding
Cause No. 1363644

Petition of Petitioners

FILED IN
COURT OF CRIMINAL APPEALS

SEP 25 2015

Abel Acosta, Clerk

Brian Victorian, Pro-se
Mark w. Stiles Unit
3060 FM 8514
Beaumont, Texas
77705

# Table of Contents

Identity of Parties and Counsel . . . . . . 1

index of Authorities . . . . . . . . 2

Statement of Case . . . . . . . . 3

Points of Error . . . . . . . . 4,5

Statement of facts . . . . . . . . 5,6,7

Summary of Argument . . . . . . . . 11

Conclusion . . . . . . . . 17

Prayer . . . . . . . . 18

# Identity of Parties and Consel ~~Directed parties~~

1. The petitioner Brian Victorian

2. Trial Attorney for the state Angela Smith 1201 Franklin · Houston, TX 77002

3. Trial Attorney for mr. Victorian was Ruth Yvonne Burton, 2814 Hamilton st Houston, TX 77004

4. Trial Judge was Jeannine Bar Honorable 182ND District Court Visting Judge at trial was Honorable Don Burgess

5. The appellate attorney for the State is Alan Curry, Assistant District Att, 1201 Franklin, 6th floor, Houston, Texas 77002.

6. The appellate Attorney for the petitioner is Kurt B. Wentz 5629 Cypress Creek pkwy, Suite 115 Houston, Texas 77069



1

# Index of Authorities

PAGE

Brooks v. State, 323 S.W. 3rd 893, 895 ( Tex. Crim. App 2010)... 12

Clark v. ~~state~~ Procunier 755 F. 2nd 394, 394 (5th Cir. 1985)... 14

Connor v. State, 67 S.W. 3rd 192, 197 (Tex. Crim. App. 2001)... 12

Hooper v. State, 214 S.W. 3rd 9, 13-16 (Tex. Crim. App. 2007) ..... 15

Hunason v. State. 728 S.W. 2nd 636 (Tex. Crim. App. 1987)... 14

Jackson v. Virginia. 443 U.S. 307, 316 (1979). . . . . . . . . 12, 15

Lee v. State. 176 S.W. 3rd 452, 458 (Tex. App. [Houston 1 Dist] 2004)... 16

~~Lofie v. State 151 S.W. 3rd 188, 192 (Tex. Crim. App. 2004)~~...... 14

Malik v. State, 953 S.W. 2nd 234, 240 (Tex Crim. App. 1997)...... 13

Margraves v. State 34 S.W. 3rd 912, 919 (Tex. Crim. App. 2000)....13

Martines v. State, 371 S.W. 3rd 232, 240 (Tex. App.-Houston [1st Dist.] (2011)..16

Martines v. State 8387 S.W. 3rd 232.240 (Tex. App.-Houston [1st Dist.] (2011)..16

Sharp v. State, 707 S.W. 2nd 611, 614 (Tex. Crim. App. 1986)..... 14

Urbano v. State, 837 S.W. 2nd 814 (Tex. Crim. App. 1992).... 14

Williams v. State, 235 S.W. 3rd 742, 750 (Tex. Crim. App. 2007)....13

Williams v. State, 662 S.W. 2nd 344, 347 (Tex.Crim. App. 1983).....

Wilson v. State 654 S.W. 2nd 465 (Tex. Crim. App. 1983) ..... 14

Wright v. State, 763 S.W. 2nd 835 (Tex. Crim. App. 1980)...13

## Statutes

Tex. R. Evid. 103(a) . . . . . . .

Tex. R. Evid. 401 . . . . . .

Tex. R. Evid. 404(b) . . . . . .

Tex R. Evid. 403 . . . . . .

Tex. Code Crim. Proc. Ann. Art. 38.37 . . . . . . 4, 11, 5

Tex. Code Crim. Proc Ann. Art. 38.01 (b) . . . . . 14

Tex. Code Crim. Proc Ann. Art. 38.07 (b) . . . . .

Tex. Penal Code Ann. § 22.011 (a)(2)(A) . . . . . 11, 4, 3

2

# Statement of Case

The appellant was indicted for the offense of aggravated sexual assault of a child under the age of 14 pursuant to TEX. Penal CODE ANN. § 22.11 (a) (2) (A). the indictment carried an additional paragraph for the purpose of the enhancement of punishment. (1 CR 18).

On November 8th 2013 a Jury found the appellant Guilty. (1 CR 134).

On November 8th, 2013 the trial court Sentenced the appellant to 45 Years in the Institutional Division of the TEXAS Department of Criminal Justice. (1 CR 136).

On November 8, 2013 the appellant Gave Notice of appeal. (1 CR 140).

On November 8, 2013 the trial court certified the appellant's right to Appeal. (1 CR 139).

On November 8, 2013, the trial court found that the appellant remained indigent and appointed counsel to represent him on Direct Appeal (1 CR 142)

3

# Points of ERROR

## Point of ERROR NO. 1

The evidence is insufficient to sustain MR. Victorian's Conviction for Aggravated Sexual assault of a child under the age of 14 Pursuant to TEX. Penal CODE ANN. § 22.011 (a)(2)(A). For the reason that there is not adequate evidence He committed the alleged offense.

## Point of Error No. 2

The trial court abused its discretion in admitting evidence of extraneous acts of touching and fondling during the complaining witness' testimony because the Probative value of that testimony was substantially outweighed by its unfair Prejudice for the Purpose of TEX. R. Evid. 403.

4

## Point OF ERROR NO. 3

The trial court abused it's discretion in admitting evidence of extraneous acts of touching and intercourse through the testimony and medical records of Dr. Reena Isaac because the probative value of that evidence was substantially outweighed by it's unfair prejudice for the purpose of TEX.R.EVid.403.

## Statement of FACTS

states Evidence at Guilt/Innocence

During a classmate's emotional recollection of being Sexually abused, the Complainant, hereinafter "BV", shared a Similar experience with her friends. (4RR65) The friends then told the School counsler of the abuse. (4RR6) BV denied the abuse when confronted by the Counselor. (4RR66). She again denied any abuse by Her father when Brittany Brown, a C.P.S. investigator, INterviewed her on September 6, 2012. (3RR 16). During the interview BV told of being Grabbed by an

"Old random man" at a bus station. (3RR 29).

BV again denied being abused by Mr. Victorian when interviewed by Pasadena Police Detective Tim Brinsom on September 12 2012. (3RR 37). During this interview she repeated her story about the "random person." (3RR 37). When Brinsom confronted BV later that day with the results of his interviews with her three school friends, BV succumed to the officer's questioning and allowed the appellant had touched and fondled her. (3RR 38,39).

BV was taken to the Childrens Assessment Center by Brinsom and interviewed by Susan Odhiambo where BV finally spoke of the Alleged offense (3RR 106, 107). The complainants mother Mandy Victorian, felt she was more apt to recognize signs of child abuse than others because of her extensive training as a childcare provider. (4RR 40,41). However Mrs. Victorian was shocked when she heard the allegations in this case because of her feelings for her Husband and His role as a stay-at-Home dad who ran family Errands

(4RR 48, 44, 35). She also allowed that there were times when BV did not tell the truth, (4RR 43, 47). Mrs. Victorian did not become aware of these allegations in this case until Detective Brimson called heron. September 12, 2012.

BV first told an adult about the alleged offense during her physical examination. (4RR 146). The Doctor found no evidence of trauma to the complainants Vagina or anus. (4RR 171, 150, 182.)

During her examination BV also told Dr. REENA ISSAC that nothing came out of the penis of the appellant! (4RR 164)

But in the statement she made earlier (~~xxxx~~) she felt something warm on her stomach and genitalia, (4RR3) BV then went to the Bath room cleaned the white stuff from her body, and showered. (4RR 84). The Doctor ascribed B.V's self-mutilation to her copying a friend's actions, not any abuse by the appellant (4RR 157).

As previously noted, the State mentioned the inappropiate touching in it's opening statement. DR. Isaac's testimony Compounded the Harm generated By BV's testimony. it Confirmed the extraneous touching and fondling and informed the Jury of three additional alleged Encounters. While only specifically mentioned the appellant's touching of the Complaintant's breasts and Buttocks in Closing, She did So in a manner that emphisized the importance of this early misconduct for that which followed. (5RR 21). The prosecutor's argument increased the likelihood the inflamatory evidence would impress the Jury in some irrational manner by linking it to the Charged offense.

## Oral arguments & Questions

The following represents a Statement of questions in the Case of 01-13-01004-CR. The given questions reiterate the three Points of Error documented in the Appellant's First Amended Brief Submitted the the 1st Court of Appeals in Houston Texas accepted 2/23/2015

Question 1- the evidence appears insufficient for the aggravated Sexual assault of a Child under the age of 14 that was presented and a guilty verdict was rendered. At Best, the evidence may have raised suspicion, or mere probability of Guilt but nothing leading to a beyond a reasonable doubt Conclusion. Based on this aspect, a Guilty verdict appears Non-rational.

Question 2 The question of the trial court's abuse of discretion allowing extraneous condescending evidence to be admitted during Complaining witness testimony and in doing so, the probative value of that testimony being Substancially outweighed by it's unfair Prejudice. this being done for the purpose of reflecting the defendant's character as being "a bad person."

Question 3    the question of the trial court's abuse of discretion allowing extraneous condescending evidence is again reiterated with Dr. Reena Isaac's testimony and medical records. The initial charge of offense increased from one occurence to four, all unsubstantiated.

## Summary of Argument

The trial court abused it's discretion in admitting evidence of extraneous sexual misconduct between the Complainant and the appellant because it's probative Value was substantially outweighed by It's preducicial impact for the purpose of Tex. R Evid 403. Because there was insufficient evidence to support the appellant's Conviction for Sexual assault of a Child pursuant to Tex. Penal Code Ann § 22.011 (a) (2) (A) this evidentiary error Contributed to the Jury's guilty verdict.

## Argument and Authorities in Support of Points of Error.

~~The appellant was~~ The evidence is insufficient to Sustain Mr. Victorian's Conviction for aggravated Sexual assault of a child under the age of 14 pursuant to Tex. Penal Code Ann. § 22.011 (a) (2) (A) for the reason that there is Not adequte evidence he Committed the alleged offense.

The Due Process Clause of 14th Amendment requires that Every State Criminal Conviction be supported by evidence that a rational trier of fact could accept as Sufficient to prove all of the elements of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 316 (1979). this due process guarantee is safeguarded when an appellate Court reviews the legal Sufficiency of the evidence. Id.

Deciding the legal sufficiency of the evidence pursuant to Jackson v. Virginia is a question of Law. Matson v. State, 819 S.W. 2nd 839, 846 (Tex. Crim. App. 1991) This standard applies ~~and appellate~~ to both direct and Circumstantial evidence cases.

The legal Sufficiency standard established in Jackson v. Virginia is the only standard an appellate court needs to consider in determining whether the evidence is Sufficient to Support each element of a Criminal offense beyond a reasonable doubt. Brooks v. state, 323 S.W. 3rd 893, 895 (Tex. Crim. App. 2010). All of the evidence admitted at trial is Considered in the light most favorable to the verdict. Jackson v. Virginia at 319. This includes evidence that was rightly, or wrongly ~~admitted~~ admitted. Connor v. State, 67 S.W. 3rd 192, 197

(TEX. Crim. App. 2000). A Jury may accept one version of the facts and reject another, and it may reject any part of a witness' testimony. Margraves v. State, 34 S.W. 3rd 912, 919 (TEX. Crim. App. 2000). The reviewing Court is not to re-evaluate the weight and credibility of the record evidence, or to ~~see~~ substitute it's own Judgment for the Jury. Williams v. State, 235 S.W. 3rd 742, 750 (TEX. Crim. App. 2007). The Sufficiency of the evidence is to be measured against a hypothetically Correct Jury charge for the alleged offense. Malik v. State 935 S.W. 2nd 234, 240 (TEX. Crim. App. 1997).

The hypothetically - correct Jury Charge"... sets out the Law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or ~~unce~~ unnecessarily restrict the State's theroies of liability, and adequately describes the particular offense for which the defendant was tried." The burden of proof is always on the State to prove each and every element of the offense beyond a reasonable doubt. Mullaney v. Wilbur, 412 U.S. 648 (1975); Wright v. State, 763 S.W. 2nd 835 (TEX. Crim. App. 1980). Proof beyond a reasonable doubt requires the state to produce evidence

Showing something more than a strong suspicion of guilt. Hunason V. State, 728 S.W. 2nd 636 (TEX. Crim. App. 1986). ~~A Conviction~~ where the evidence raises only a strong suspicion, or mere probability of guilt, the evidence is insufficient. Sharp V. State, 707 S.W. 2nd 611, 614 (TEX. Crim. App 1986). A conviction can be sustained only by proof constituting a high degree of certainty. Urbano V. State, 837 S.W. 2nd 814 (TEX. Crim. App. 1992); Lurie V. State, 151 S.W. 3rd 189, 192 (TEX. Crim. App. 2004) if there is an inference the appellant is not guilty, a finding of Guilt is not a rational finding. Wilson V. State, 654 S.W. 2nd 465 (TEX. Crim. App. 1983).

If the evidence equally supports both theories of the case, the evidence is insufficient, and the reviewing Court must entertain a reasonable doubt. Clark V. Procunier, 755 F. 2nd 394, 396 (5th Cir. 1985). it is the appellate Court's duty to ensure that the evidence presented actually supports the conclusion that the defendant committed the charged offense. William V. State at 750

p. 14

For the purpose of a Jackson v. Virginia analysis, jurors are permitted to draw inferences from the evidence as long as those inferences are reasonable and supported by the evidence. Hooper v. State, 214 S.W. 3rd 9, 15-16 (TEX. Crim. App. 2007). legal Sufficiency analysis does not permit verdicts based on "mere speculation or factually unsupported inferences, or presumptions. Id. at 16-17, For this purpose, an inference is a conclusion reached by considering other facts and deducting a logical consequence from them. Id. at 16 Speculation is "mere theorizing or guessing about the possible meaning of facts and evidence presented". Id. A conclusion based on speculation may appear reasonable; However, it will not support a finding of Guilt under Jackson v. Virginia if it is not sufficiently supported by record facts, or evidence beyond a reasonable doubt. Id. When the trial court's charge authorizes ~~authorizes~~ ~~authorizes~~ the jury to convict the accused on more than one theory, the jury's verdict will be upheld if the evidence is sufficient on any one of the propounded theories. Hooper at 15.

P. 15

The testimony of a child victim is sufficient to support a conviction for the Sexual assault of a Child. Martines v. state, 83,87 SW 3rd 232, 240 (TEX. App.-Houston[1st Dist.] 2011). The uncorroborated testimony of a Victim under the age of 14 is Sufficient to support a Conviction for Sexual assault of that child. TEX. CODE CRIM. PROC. ANN. Art. 38.01(b). the state has no burden to produce any corroborating or physical evidence. Martines at 240 Lee v. State, 176 S.W. 3rd 452, 458 (TEX. App - Houston [1st Dist.] 2004). The testimony of a child Victim in a Sexual assault case is liberally construed as long as that child communicates to the fact finder that the alleged misconduct occurred within the definition of the Statute Id. @ 9/457.

P.16

# Conclusion

Child abuse pediatrician Dr. Reena Isaac found no physical evidence of abuse when she examined BV (4RR 150). The doctor further noted that while the child had cut herself that behavior was short lived and similar to a friends experience. (4RR 151). The physician did not attribute it to any abuse by the appellant. The doctor did not attribute the cutting to any act committed by the appellant

P. 17

## Prayer for RELIEF

Wherefore, Premises considered, The Petioner Brian Victorian prays That this Honorable Court Considers each and Every point of Error and oral argument raised herein, reverse the conviction, or Grant Him a New Trial as found appropriate

Respectfully Submitted,

Brian Victorian
Brian Victorian.

18



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-13-01004-CR

BRIAN VICTORIAN, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 182nd District Court of Harris County. (Tr. Ct. No. 1363644).

This case is an appeal from the final judgment signed by the trial court on November 8, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered June 25, 2015.

Panel consists of Chief Justice Radack and Justices Brown and Lloyd. Opinion delivered by Justice Brown.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01004-CR

———————————

## BRIAN VICTORIAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

———————————

## On Appeal from the 182nd District Court
## Harris County, Texas
## Trial Court Case No. 1363644

———————————

## MEMORANDUM OPINION

A jury convicted Brian Victorian of aggravated sexual assault of a child under age 14.[1] He was sentenced to 45 years' incarceration. In three issues, he contends: (1) the evidence is insufficient to support his conviction, (2) the trial

---

[1]    TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011).

court abused its discretion by allowing the complainant to testify about extraneous bad acts over his Rule 403 objection, and (3) the trial court abused its discretion by admitting into evidence unredacted medical records relating to extraneous bad acts over his Rule 403 objection. We affirm.

## Background

Victorian is the father of the complainant, Jane.[2] Jane was eleven years old and lived with her younger sister, her mother, and Victorian. Shortly after starting sixth grade, Jane confided to three classmates that Victorian had sexually assaulted her. The classmates informed the school counselor, but when the counselor asked Jane, she denied the account. A CPS investigator also interviewed Jane. She again denied that Victorian had abused her and instead claimed that an unknown man had accosted her at a bus stop.

Police Detective T. Brinson interviewed Jane and her three classmates. Jane initially repeated her account of being accosted by a stranger at a bus stop, but she eventually admitted to Detective Brinson that Victorian had abused her. Victorian was arrested and charged with sexual assault.

At trial, Jane gave a detailed description of the sexual assault. Jane also testified about three earlier incidents. One time, she awoke wearing her pants backwards and her shirt inside out. Another time, Victorian laid in bed with Jane

---

[2] To protect the complainant's identity, we refer to her using this pseudonym.

while she was wearing a t-shirt and athletic shorts. Both of these events occurred when she was nine years old. Finally, Jane testified that Victorian had touched her breasts and buttocks on at least one other occasion. Victorian objected to these extraneous acts under Rule 403. *See* TEX. R. EVID. 403. The trial court overruled the objection.

Jane's mother also testified that in the months before the allegations surfaced, Jane seemed angry at her father and had begun cutting herself. One night, she awoke to find her husband, Victorian, in their daughters' bedroom with the door locked. However, she also allowed that Jane was not always truthful and that she never suspected anything inappropriate until Jane's allegations against Victorian surfaced.

The State called several other witnesses, including Dr. Reena Isaac, a child-abuse pediatrician who examined Jane after Jane reported the alleged abuse to Detective Brinson. Victorian objected under Rule 403 to a paragraph in Dr. Isaac's records reporting Jane's statement during her examination that Victorian had sexually assaulted her "like five times." *See* TEX. R. EVID. 403. The trial court overruled the objection. Dr. Isaac's records included additional statements from Jane describing the assaults, but indicated no physical evidence of abuse.

Victorian offered no evidence in his case-in-chief. In closing argument, Victorian argued that Jane had succumbed to pressure from her classmates and

police and made up her allegations against Victorian. The State responded that Jane was a credible witness and it did not make sense for her to lie.

The jury convicted Victorian. He timely appealed.

## Sufficiency of the Evidence

In his first issue, Victorian contends that the evidence is insufficient to support his conviction.

### A.  Standard of review

We review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*. 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979); *see Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all of the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, weigh the evidence, and draw reasonable inferences from "basic facts to

ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved any conflicts in the evidence in favor of the verdict and defer to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Jackson*, 443 U.S. at 314–19, 99 S. Ct. at 2786–89. If an appellate court finds the evidence to be insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2217 (1982).

## B.    The complainant's testimony is sufficient evidence

Jane, the complainant, testified against Victorian. Generally, "[t]he testimony of a child victim alone is sufficient to support a conviction" in child sex-abuse cases. *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). "A conviction under Chapter 21, Section 20A.02(a)(3), (4), (7), or (8), Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense . . . ." TEX. CODE. CRIM. PROC. ANN. art. 38.07(a) (West

5

Supp. 2014). "We liberally construe testimony given by a child victim of sexual assault, and as long as the child communicates to the fact finder that the touching occurred on a part of the body within the definition of the statute, the evidence will be sufficient." *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Jane testified that Victorian sexually assaulted her. In particular, Jane described Victorian unzipping his pants and touching Jane's "middle part" with his "middle part." Using anatomically correct dolls, Jane identified male and female genitalia as their respective "middle parts." The State asked Jane, "What did he do with his middle part when it was touching your middle part?" Jane responded: "He was holding me down and put his in mine."

Victorian concedes that "[t]he testimony of a child victim is sufficient to support a conviction for the sexual assault of a child." But he argues that "[Jane] should not be extended the almost complete deference victims in other sexual assault cases have been afforded in determining the sufficiency of the evidence" because: (1) "[c]hild abuse pediatrician Dr. Reena Isaac found no physical evidence of abuse," (2) the complainant's allegation "came on after a friend revealed her abuse to [Jane]," (3) "[Jane's mother] acknowledged there were times her daughter was untruthful," (4) Jane previously denied that she was abused when

6

asked by CPS and police, (5) Jane's account of Victorian's abuse changed over time, and (6) Jane's "relationship with [Victorian] was good prior to the incident."

We disagree with Victorian for two reasons. First, the credibility of Jane's testimony is the province of the jury. *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Clayton*, 235 S.W.3d at 778. Under *Jackson* we presume that the jury found Jane to be credible and defer to that finding. 443 U.S. at 326, 99 S. Ct. at 2793.

Second, we have upheld the sufficiency of a child-complainant's testimony despite similar deficiencies. For example, in *Lee*, the child-complainant's testimony was sufficient to uphold a conviction for indecency with a child despite no physical evidence of the crime. 176 S.W.3d at 458. And in *Martines*, we found sufficient evidence of guilt when the child-complainant testified against the defendant, but later recanted. 371 S.W.3d at 240.

Because Jane described Victorian sexually assaulting her and such testimony from a child-complainant is legally sufficient evidence to support a guilty verdict on that offense, we conclude that the evidence is sufficient to support the jury's guilty verdict. We overrule Victorian's first issue.

7

## Objections to Extraneous Acts

In his second and third issues, Victorian contends that the trial court erred by admitting evidence of certain extraneous offenses over his Rule 403 objections. *See* TEX. R. EVID. 403. We will address each issue in reverse order.

### A. Standard of review

"A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). "The test for whether the trial court abused its discretion is whether the action was arbitrary or unreasonable. An appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement." *State v. Mechler*, 153 S.W.3d 435, 439–40 (Tex. Crim. App. 2005).

### B. Expert's evidence

In his third issue, Victorian contends that the trial court abused its discretion by failing to redact part of State's Exhibit Four, which the State offered through its expert witness, child-abuse pediatrician Dr. Reena Isaac. The exhibit contains records from Dr. Isaac's assessment of Jane after Jane reported her abuse. Victorian objected under Rule 403 to a portion of the exhibit that recorded Jane reporting additional inappropriate conduct. *See* TEX. R. EVID. 403. Victorian, through his attorney, made his objection in these words:

> [O]n page four of the actual records . . . the question is, "How many times were you touched overall by him inappropriately?" The answer appears to be, "Like, five times."
>
> Next question, "When was the first time?" The answer was, "Last year."
>
> The next question, "The last time?" "Two weeks ago."
>
> We're going to object to that in that it talks about the extraneous offenses. She has talked specifically about one occasion here, the one indicted occasion. And we're asking that that answer be restricted or redacted out of this copy as it is more prejudicial than it is probative.

The court overruled the objection.

The State contends that Victorian failed to object to other sections of Exhibit Four that contained the same or similar evidence. We agree. For example, page three of the exhibit reads: "[Jane] stated that [Victorian] has sexually assaulted her by putting his penis against/inside her vagina at least 3 times." And the paragraph above the objected-to portion reflects Jane's statement that Victorian touched her "middle part . . . 4 times." Victorian objected to neither statement.

Any erroneous admission of evidence is rendered harmless when "the same or similar evidence was admitted at another point in the trial without objection." *Nelson v. State*, 405 S.W.3d 113, 130 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). Because Victorian did not object to portions of the report almost identical to the objected-to section, he rendered any error harmless. Accordingly, we overrule Victorian's third issue. *See* TEX. R. APP. P. 44.2(a).

## C.  Complainant's testimony

In his second issue, Victorian complains that three episodes related by Jane to the jury should not have been admitted under Rule 403. *See* TEX. R. EVID. 403. In the first, Jane awoke with her pants on backwards and her shirt on inside out. In the second, Victorian laid in bed with Jane, who was wearing a t-shirt and athletic shorts. In the third, Victorian touched her breasts and buttocks.

The State sought to admit this testimony under article 38.37 of the Texas Code of Criminal Procedure, which reads:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). Article 38.37 overrides the character-evidence proscriptions in Texas Rule of Evidence 404. *Id.*; *Howland v. State*, 966 S.W.2d 98, 103 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*, 990 S.W.2d 274 (Tex. Crim. App. 1999). But evidence that would be

10

admissible under the statute may still be excluded under Rule 403.[3] *Martines*, 371 S.W.3d at 246.

"A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Mechler*, 153 S.W.3d at 440. "There is a presumption that relevant evidence is more probative than prejudicial." *Howland*, 966 S.W.2d at 103.

## 1. The first factor: probative value

"The first factor looks to the evidence's probativeness or how compellingly the evidence serves to make a fact of consequence more or less probable." *Mechler*, 153 S.W.3d at 440. Victorian contends that the extraneous conduct "does not make any fact of consequence more probable."

"[U]nder [article 38.37], the State may permissibly introduce testimony involving the defendant's extraneous bad acts when that evidence is relevant 'to demonstrate the unnatural attitude and relationship' between a defendant and his child victim." *Campos v. State*, Nos. 01-13-00415-CR, 01-13-00416-CR, 01-13-

---

[3] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403, 61 TEX. B.J. 374, 377 (Tex. & Tex. Crim. App. 1998, amended 2015).

00417-CR, 2015 WL 162123, at *8 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, pet. filed) (quoting *Sanders v. State*, 255 S.W.3d 754, 759 (Tex. App.—Fort Worth 2008, pet. ref'd)). But the first two acts provide almost no evidence of such an unnatural relationship. In the first, Jane awoke wearing her pants backwards and her shirt inside out. Jane did not know how her clothes came to be inside out and did not notice anything else "wrong." Victorian makes no appearance in the account and there is no testimony regarding who else was in the house while Jane slept. In the second, Jane describes her father lying in bed with her, and at one point, turning on top of her. But the account ends there. Thus, neither episode clearly indicates any inappropriate relationship prior to the alleged abuse.

With respect to the third extraneous act, the State contends: "Jane's testimony regarding the appellant touching and fondling her breasts and buttocks not only provided context for the jury to understand how the sexual abuse started, it showed how the offense related directly to their previous relationship and states of mind." We agree. This testimony is evidence of Victorian's state of mind and the nature of his relationship with Jane. *See Hinojosa v. State*, 995 S.W.2d 955, 957 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (complainant's testimony that "appellant had touched her at least once a week for ten years" admissible under article 38.37 to show state of mind); *Pool v. State*, 981 S.W.2d 467, 469 (Tex. App.—Waco 1998, pet. ref'd) (in trial for sexual assault of minor, evidence of

12

defendant's sexual activity with complainant after she became of age admissible to show subsequent relationship). Evidence is admissible for these purposes under the express language of article 38.37.

For the first two extraneous acts, this factor weighs in Victorian's favor because the evidence is not especially compelling. But the third extraneous act demonstrates Victorian's state of mind and the nature of his relationship with Jane more clearly than the first two. Thus, for the third act, this factor favors the State.

## 2. The second factor: danger of unfair prejudice

"The second factor asks whether the evidence has the potential to impress the jury in some irrational but indelible way." *Mechler*, 153 S.W.3d at 440.

Victorian cites two potential dangers of unfair prejudice. First, he contends that "the complainant's testimony cast the appellant as a sexual predator who was acting in conformity with his character the day of the alleged events." Normally, Rule 404 proscribes the admission of character-conformity evidence, and any danger that the jury will infer from otherwise proper evidence that the defendant possesses a character trait and acted in conformity therewith is a danger of unfair prejudice under Rule 403. TEX. R. EVID. 403–04; *see Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999) (character-conformity evidence, if admissible for another legitimate purpose, is subject to Rule 403 balancing test). But that danger is not present here because article 38.37 allows the admission of character-

conformity evidence. *Burke v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed); *Howland*, 966 S.W.2d at 103.

Second, Victorian contends that any inference of sexual misconduct with a child is inherently inflammatory. In response, the State supplies three reasons why the emotional weight of this testimony is limited. First, it notes that Jane did not mention Victorian in her account of the first extraneous act. Second, the State notes that the jury charge contained a limiting instruction.[4] Although not dispositive, we consider such instructions when evaluating the danger of unfair prejudice. *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996); *Jaggers v. State*, 125 S.W.3d 661, 670 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Third, "her detailed description of [the assault for which Victorian was convicted] likely overshadowed any inflammatory response the jury may have had to these acts."

In general, courts often conclude that extraneous acts that are not more heinous than the alleged crime do not carry a danger of further emotional inflammation. *See Taylor v. State*, 920 S.W.2d 319, 323 (Tex. Crim. App. 1996)

---

[4] That instruction read:
> You are further instructed that if there is any evidence before you in this case regarding the defendant committing other crimes, wrongs, or acts against the child who is the victim of the alleged offense in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other crimes, wrongs, or acts against the child, if any, and even then you may only consider the same in determining its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child, and for no other purpose.

("[T]he first murder, being no more heinous than the second, was not likely to create such prejudice in the minds of the jury that it would have been unable to limit its consideration of the evidence to its proper purpose."); *Jones v. State*, 119 S.W.3d 412, 422–23 (Tex. App.—Fort Worth 2003, no pet.) (prejudicial effect did not substantially outweigh probative value of extraneous acts admitted under article 38.37 when "all of the extraneous acts involving G.V. were less heinous than the evidence relating to the charged offense involving Jones's reaching into G.V.'s pants and touching her.").

In *Burke v. State*, a child-complainant testified that the defendant had assaulted him on several occasions before the assault for which the defendant was on trial. 371 S.W.3d at 255. There, the complainant's account of the offense included more violent details than his accounts of earlier assaults. *Id.* at 258. Therefore, we held that the brief accounts of earlier sexual assaults were not more inflammatory than the more detailed and shocking account of the charged offense. *Id.* at 258. Accordingly, they presented little danger of unfair prejudice. *Id.*

But in *Montgomery v. State*, the Court of Criminal Appeals found some danger of unfair prejudice from less-heinous extraneous acts of a defendant who was the parent of the child-complainant. 810 S.W.2d 372, 397 (Tex. Crim. App. 1990). There, the defendant was tried for and convicted of sexually assaulting his daughter. *Id.* at 374. The State introduced evidence that the defendant walked

15

around his house naked and visibly aroused in the company of his children. *Id.* at 375, 397. Because "[a] substantial portion of the State's case was devoted to showing such extraneous misconduct, and most of appellant's evidence was responsive to it," the Court of Criminal Appeals found "a grave potential for decision on an improper basis, as jurors may have lost sight of specific issues they were called upon to decide and convicted appellant out of a revulsion against his parental demeanor." *Id.* Thus, the Court concluded: "Though relevant, such evidence has only marginal probative value. By contrast, the danger of unfair prejudice from such testimony is substantial. Both sexually related misconduct and misconduct involving children are inherently inflammatory." *Id.* at 397.

Jane's testimony regarding the first two extraneous acts carried very little danger of further inflaming the emotions of the jury because Jane did not mention or describe any unmistakably inappropriate action by Victorian. We therefore conclude that, for the first two acts, this factor favors the State.

Jane's testimony regarding the third extraneous act indicated clear sexual misconduct by Victorian. This carries some danger of unfair prejudice because, as with any evidence of sexual misconduct with children, it is inherently distressing. *Id.* Evidence of ongoing sexual misconduct may be particularly distressing. *See id.* However, the *unfairly* prejudicial effect of this evidence is limited under *Burke* because the acts were less heinous than the crime charged and less heinous than the

16

additional penetrative assaults described in Dr. Isaac's records. In addition, the trial court issued a limiting instruction in its charge. Thus, for the third act, this factor weakly favors Victorian.

### 3. The third factor: time for development

"The third factor looks to the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense." *Mechler*, 153 S.W.3d at 441. Here Victorian concedes that the State rapidly developed the extraneous-act evidence. Accordingly, this factor favors the State.

### 4. The fourth factor: necessity

"The fourth factor focuses on the proponent's need for the evidence. This last factor encompasses the issues of whether the proponent has other evidence establishing this fact and whether this fact is related to a disputed issue." *Id.* Victorian contends that because he "offered no evidence at guilt/innocence, the complained-of evidence was not necessary to refute a defensive theory." While he did not offer evidence, he did advance an alternate theory—that Jane made up her story. For example, in closing argument, Victorian argued:

> Because remember, [Jane] started off saying it didn't happen. And people just would not leave it alone. What do you do when you're 11 years old and somebody asks you the same questions over and over and over? Sooner or later you change your answers and you give them what they want to hear.

We know she's not truthful because . . . .

When, as here, a defendant denies that the criminal act occurred and contends that the complainant fabricated her account, evidence of similar extraneous acts may be necessary to corroborate the complainant's account and rebut the defensive theory. *Montgomery*, 810 S.W.2d at 397. However, the need for the objected-to evidence may diminish if the State offers other compelling bolstering evidence. *See id.* at 396 (no need for evidence to show intent when "the State had other compelling evidence to show appellant touched his children with the intent to arouse and gratify his own sexual desire.").

Here, Jane's testimony provided the most compelling and specific evidence of the other bad acts. But the necessity of Jane's direct testimony was somewhat diminished by the admittance of Jane's prior statements in Dr. Isaac's records. Further, Jane's mother testified that she noticed behavioral changes in Jane and had once caught Victorian in Jane's room with the door locked. Because this evidence augmented Jane's extraneous-acts testimony, this factor only somewhat favors the State.

### 5. Rule 403 balancing test

We must uphold the trial court's conclusion if it is within the zone of reasonable disagreement. *Mechler*, 153 S.W.3d at 439–40. Under Rule 403, the danger of unfair prejudice must *substantially* outweigh the probative value. TEX. R.

18

EVID. 403. Jane's account of the first two extraneous acts contained no unmistakably inappropriate actions by Victorian. Accordingly, the probative value of this evidence was not great—but neither was the risk of unfair prejudice. In contrast, the third extraneous act was clearly inappropriate conduct by Victorian and thus highly probative under article 38.37. But the danger of unfair prejudice, thought present, was ameliorated because the third act is less heinous than both the crime charged and other extraneous acts described in Dr. Isaac's records. In addition, the jury charge contained a limiting instruction. Further, the evidence did not take long to develop and was significant, though not essential, in rebutting Victorian's fabrication theory. Accordingly, we conclude that the trial court's ruling was within the zone of reasonable disagreement. Thus, the trial court did not abuse its discretion by overruling Victorian's Rule 403 objection.

We overrule Victorian's second issue.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).